HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAUNDRA HOWARD,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

Case No. 2:22-cv-00022-RAJ

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion"). Dkt. # 8. Having reviewed the briefing, the relevant record, and applicable law, the Court **GRANTS in part and DENIES in part** the Motion. Dkt. # 8.

## II. BACKGROUND

Plaintiff is an African American woman who worked at the Social Security Administration ("SSA") from at least 2012 to 2016. Dkt. # 1 ("Compl."), ¶ 11. She brings claims under both Title VII and 42 U.S.C. § 1983 relating to alleged discrimination and retaliation while at the SSA.

Plaintiff alleges she experienced a hostile work environment where coworkers engaged in derogatory and demeaning name-calling toward her based on her race and sex. *Id.* ¶¶ 15–52. In 2012, Plaintiff filed a formal EEOC complaint regarding the alleged

ORDER – 1

harassment. *Id.*, ¶ 12. She alleges the harassment continued after she filed the EEOC complaint; specifically, coworkers would put "Snickers" candy bars on her desk as a "racist joke," glare at her often, and block exits out of the building to intimidate her. *Id.* ¶¶ 12, 30, 48. Plaintiff alleges her supervisors also engaged in discrimination and retaliation based on her EEOC activity by failing to stop the ongoing harassment, failing to provide adequate assistance for her workload, reprimanding her, and delaying a leave request. *Id.* ¶¶ 12, 22, 32–33, 42, 52.

Separately, Plaintiff alleges she was inappropriately touched by a SSA Administrative Law Judge (ALJ) around July 2016. *Id.* ¶ 54. Plaintiff alleges the ALJ touched her "along her shoulder and breast area" and then proceeded to intimidate her in retaliation when she voiced opposition. *Id.* ¶¶ 55–56.

In October 2021, the EEOC issued a decision and entered judgment in favor of the SSA, concluding Plaintiff was unable to establish that she was discriminated against or subjected to a hostile work environment because of her race, sex, or reprisal. Dkt. # 9-2 at 9. On January 6, 2022, Plaintiff filed her Complaint in this Court suing the Acting Secretary of the SSA for alleged violations of Title VII and 42 U.S.C. § 1983. Dkt. # 1. On March 28, 2022, Defendant Acting Secretary filed this Motion to Dismiss based on insufficient service, lack of subject matter jurisdiction, and failure to state a claim. On April 21, 2022, Plaintiff belatedly filed a response to the Motion. Dkt. # 13. The Acting Secretary filed a reply on the same day. Dkt. # 12.

### III.   LEGAL STANDARDS

**A. Rule 12(b)(1)**

A Rule 12(b)(1) motion to dismiss may be based on either a "factual" or a "facial" challenge to subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge on subject matter jurisdiction asserts that the factual allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (citing *Safe Air*

ORDER – 2

*for Everyone*, 373 F.3d at 1039). A factual attack challenges the truth of allegations that would otherwise invoke federal jurisdiction. *Edison*, 822 F.3d at 517.

District courts resolve facial challenges to subject matter jurisdiction under the same standard as Rule 12(b)(6): accepting the allegations as true and drawing all reasonable inferences in plaintiff's favor, the court must determine whether the allegations sufficiently invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Where a defendant asserts a factual challenge by presenting affidavits or other evidence, the party opposing the motion must present sufficient evidence to support the court's subject-matter jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003). Dismissal of a complaint without leave to amend should only be granted where the jurisdictional defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.  Rule 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) allows for dismissal based on insufficient service of process, allowing a defendant to challenge the method of service attempted by the plaintiff. Without substantial compliance with Rule 4, " 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended*, 807 F.2d 1514 (9th Cir. 1987)). "Once service is challenged, [a] plaintiff[ ] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

In some instances, Rule 4 may be liberally construed "so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). The Ninth Circuit has held that failure to strictly comply with service requirements does not warrant dismissal if: "(a) the party that

ORDER – 3

1 had to be served personally received actual notice, (b) the defendant would suffer no
2 prejudice from the defect in service, (c) there is a justifiable excuse for the failure to
3 serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were
4 dismissed." *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984).

### C. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation to "construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). If the Court

ORDER – 4

dismisses the complaint, it must then decide whether to grant leave to amend.

## IV.   DISCUSSION

The Acting Secretary's Motion presents three questions: (1) whether the complaint should be dismissed for lack of personal jurisdiction due to improper service; (2) whether Plaintiff's section 1983 claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6); and (3) whether Plaintiff's Title VII sex harassment claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

**A. Insufficient process**

The Acting Secretary argues Plaintiff failed to properly effect service of process and therefore the Court lacks personal jurisdiction over the SSA. *See* Fed. R. Civ. P. 4. Specifically, the Acting Secretary states that Plaintiff has not served the Attorney General, as required by Federal Rule of Civil Procedure 4(i) for proper service upon a U.S. agency. Dkt. # 8 at 10.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 4 of the Federal Rules of Civil Procedure governs service of process. A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir.1988). Rule 12(b)(5) authorizes the District Court to dismiss a complaint without prejudice or allow the plaintiff leave to cure any defects based on improper service of process. Fed. R. Civ. P. 12(b)(5).

Under Rule 4, service of process upon an officer or agency of the United States is made by serving the United States and sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

ORDER – 5

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency . . . send a copy of each by registered or certified mail to the agency or officer.

*Id*. at 4(i)(1).

Plaintiff filed this action on January 6, 2022. According to the Acting Secretary, Plaintiff personally served the summons and complaint on the U.S. Attorney for the Western District of Washington on January 25, 2022, and then on the SSA on February 16, 2022. Dkt. # 9, ¶ 7. The Acting Secretary only states that she did not receive notification about service on the Attorney General's Office. *Id*. However, Plaintiff claims that she did serve the Attorney General by certified mail during the COVID-19 pandemic. Dkt. # 13 at 30. She later provided proof of personal service on the Attorney General on May 25, 2022. *See* Dkt. # 25.

The Ninth Circuit instructs that failure to comply with Rule 4's personal service requirement does not require dismissal of the complaint if (a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984); *S.J. ex rel. S.H.J. v. Issaquah Sch. Dist.*, 2007 WL 764916, at *2 (W.D. Wash. Mar. 8, 2007) (applying *Borzeka*'s four-part test). Here, the Acting Secretary had actual notice and suffered no prejudice. In light of the COVID-19 precautions, and Plaintiff's reasonable attempt at effecting service of process, there is a justifiable excuse for improper service on the Attorney General. Finally, because dismissal may implicate statute of limitations concerns for Plaintiff's Title VII claims, the Court will not dismiss the action on the basis of improper service.

ORDER – 6

**B. Section 1983 claims**

The Acting Secretary contends that the Court lacks jurisdiction over Plaintiff's § 1983 claims and alternatively seeks to dismiss for failure to state a claim. In order to sustain her § 1983 claims, Plaintiff must establish that she suffered a violation of her rights protected by federal law and this violation was proximately caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff fails to state claims under § 1983. Agencies and officials acting in their official capacity under federal law are not "persons" acting "under color of state" for purposes of the statute, except in narrow circumstances not alleged here. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (Section 1983 generally does not provide a remedy against federal defendants acting pursuant to federal laws); *Cabrera v. Martin*, 973 F.2d 735, 742, 744 (9th Cir. 1992) ("federal officials acting under federal authority are generally not considered to be state actors").

Additionally, the Supreme Court expressly held in *Brown v. General Services Administration* that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). As Plaintiff's § 1983 claims are based upon employment actions taken by her supervisors and the SAA allegedly due to either discrimination or reprisal, they are preempted by Title VII.

Therefore, Plaintiff's § 1983 claims must be dismissed for failure to state a claim upon which relief can be granted. In her response to the Motion, Plaintiff notes that she seeks leave to amend her complaint to allege claims under § 1981 as opposed to § 1983. Dkt. # 13 at 30. If Plaintiff seeks to amend her complaint and wishes to plead claims under § 1981, the allegations for those claims must differ from her allegations of federal employment discrimination. *See White v. General Services Admin.*, 652 F.2d 913, 916–17 (9th Cir. 1981) (holding Title VII action against federal government provides the exclusive remedy for a federal employment discrimination action).

ORDER – 7

**C. Title VII claim for sexual harassment (Claim 13)**

The Acting Secretary also seeks dismissal of Plaintiff's claim of sexual harassment under Title VII. The Court agrees with the Acting Secretary that it lacks jurisdiction over this claim because Plaintiff failed to exhaust her administrative remedies.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). The employer is also prohibited "from retaliating against an applicant for employment because the applicant has opposed any unlawful employment practice, or has made a charge, testified, assisted, or participated in an employment discrimination investigation or proceeding." *Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1558–59 (9th Cir. 1994) (citing 42 U.S.C. § 2000e–3(a)).

It is well-settled that Title VII's exhaustion requirement is a procedural prerequisite to filing suit in federal district court. *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019). To establish this Court's subject matter jurisdiction over her Title VII claim for sexual harassment, Plaintiff was required to exhaust her administrative remedies by either "filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *See Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Shelley v. Geren*, 666 F.3d 599, 606 (9th Cir. 2012).

The Acting Secretary asks the Court to take judicial notice of Plaintiff's contact with an EEO counselor on February 18, 2014 regarding her allegations of a hostile work

ORDER – 8

environment. Dkt. # 8 at 6.[1] As the Acting Secretary notes, Plaintiff made no subsequent contact with an EEO counsel about the sexual harassment allegations. *Id*. The conduct underlying Plaintiff's sexual harassment claim allegedly occurred nearly two years after the initial contact with the EEO counselor. Dkt. # 1, ¶ 55. The EEO Counselor's Report before the Court does not reference the sexual harassment allegations at all, and Plaintiff has not alleged that she subsequently notified an EEO counselor of those allegations.

Courts will sometimes consider allegations not included in an EEOC charge, if they are like or reasonably related to the allegations contained in the EEOC charge and satisfy other standards. *Shelley*, 666 F.3d at 606. But here, the alleged acts of sexual harassment are dissimilar to Plaintiff's allegations of a hostile work environment. The ALJ's alleged conduct was an instance of sex-based harassment unlike the repeated acts of Plaintiff's coworkers involving verbal abuse. Furthermore, Plaintiff's hostile work environment claims allege a purported concerted effort by coworkers and supervisors. Dkt. # 1, ¶ 11 (stating that "[t]he harassment was created and shaped by a twisted, group mentality"). Her allegations do not state that the ALJ was part of this group, nor are there allegations that Plaintiff and the ALJ ever worked together or saw each other on a regular basis. Accordingly, the Court will not consider the sexual harassment allegations as part of the original EEOC charge.

While Plaintiff argues that she sought to amend her complaint before the EEOC, and that the amendment would have included the sexual harassment allegations at issue, she has not presented sufficient evidence to support the court's subject-matter jurisdiction over this claim. *Savage*, 343 F.3d at 1040 n. 2. Accordingly, Plaintiff's sexual harassment claim under Title VII is **DISMISSED** without prejudice.

---

[1] A court uses judicial notice when it declares a fact presented as evidence as true without a formal presentation of evidence. A court may take judicial notice of indisputable facts. If a court takes judicial notice of an indisputable fact in a civil case, the fact is considered conclusive. *See* Fed. R. Evid. 201. The Court takes judicial notice of the October 13, 2021 EEOC decision. Dkt. # 9–2.

ORDER – 9

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendant's Motion. Dkt. # 8. Within 14 days of the date of this order, Plaintiff shall file either a first amended complaint or a notice of dismissal of the Title VII claim of sexual harassment and § 1983 claims. Defendant's responsive pleading or Rule 12(b) motion shall be filed within 14 days of service of a first amended complaint or a notice of dismissal.

DATED this 2nd day of August, 2022.

HONORABLE RICHARD A. JONES
United States District Judge

ORDER – 10