HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUNDRA HOWARD, | NO. 2:22-cv-00022-RAJ |
| Plaintiff, | |
| v. | |
| KILOLO KIJAKAZI, et al., | **ORDER** |
| Defendants. | |

### I.   INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff Shaundra Howard's ("Plaintiff") Motion for Partial Summary Judgment ("Motion") on claims against Defendant Kilolo Kijakazi in her official capacity as Head of the United States Social Security Administration ("Defendant"). Dkt. # 18. The Government opposes Plaintiff's request for summary judgment and moves to strike the Motion. Dkt. # 23. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion for Partial Summary Judgment and **DENY** Defendant's Motion to Strike as moot.

ORDER – 1

## II.   BACKGROUND

Plaintiff is an African American woman who worked at the Social Security Administration ("SSA") from at least 2012 to 2016. Dkt. # 1 ("Compl."), ¶ 11. She brings claims under both Title VII and 42 U.S.C. § 1983 relating to alleged discrimination and retaliation while at the SSA. *Id.* Plaintiff alleges she experienced a hostile work environment where coworkers engaged in derogatory and demeaning name-calling toward her based on her race and sex. *Id.* ¶¶ 15–52. In 2012, Plaintiff filed a formal EEOC complaint regarding the alleged harassment. *Id.* ¶ 12. She alleges the harassment continued after she filed the EEOC complaint; specifically, coworkers would put "Snickers" candy bars on her desk as a "racist joke," glare at her often, and block exits out of the building to intimidate her. *Id.* ¶¶ 12, 30, 48. Plaintiff alleges her supervisors also engaged in discrimination and retaliation based on her EEOC activity by failing to stop the ongoing harassment, failing to provide adequate assistance for her workload, reprimanding her, and delaying a leave request. *Id.* ¶¶ 12, 22, 32–33, 42, 52.

In October 2021, the EEOC issued a decision and entered judgment in favor of the SSA, concluding that Plaintiff was unable to establish that she was discriminated against or subjected to a hostile work environment because of her race, sex, or reprisal. Dkt. # 9-2 at 9. On January 6, 2022, Plaintiff filed her Complaint in this Court suing the Defendant, Acting Secretary of the SSA, for alleged violations of Title VII and 42 U.S.C. § 1983. Dkt. # 1. On March 28, 2022, Defendant filed a Motion to Dismiss based on insufficient service, lack of subject matter jurisdiction, and failure to state a claim. Dkt. # 8. On April 21, 2022, Plaintiff belatedly filed a response to the Motion. Dkt. # 13. Defendant filed a reply on the same day. Dkt. # 12.

On August 2, 2022, this Court granted in part Defendant's Motion to Dismiss holding that (1) Plaintiff's claims under § 1983 were preempted by Title VII and (2) this Court lacked jurisdiction over Plaintiff's sexual harassment claim under Title VII because Plaintiff failed to exhaust her administrative remedies, thus requiring dismissal. Dkt. #

ORDER – 2

16. On August 8, 2022, Plaintiff filed a Motion for Dismissal of Claims related to § 1983 and sexual harassment, Dkt. # 17, which this Court granted on August 25, 2022, Dkt. # 22.  Plaintiff also filed the instant Motion for Partial Summary Judgment on August 8, 2022. Dkt. # 18. Defendant filed their Answer to the Complaint on August 22, 2022, Dkt. # 21, and a few days later, filed their Cross Motion and Response to Plaintiff's Motion on August 29, 2022, Dkt # 23.

### III.   DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Put another way, summary judgment is appropriate when, after adequate time for discovery, a party fails to establish an essential element of their case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A Court may defer ruling on summary judgment and allow time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d). In doing so, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order." *Id.* Significant to the Court's analysis is the Ninth Circuit's guidance that a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-774 (9th Cir. 2003) (holding that where a "summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) [now Rule 56(d)] motion fairly freely."). The *Burlington* Court also noted that a party making such a request where no discovery has taken place "cannot be expected to frame its motion with great specificity as to the

ORDER – 3

kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Id.* at 774. Defendant argues that Plaintiff's Motion is premature because it was filed before Defendant filed an Answer and prior to any discovery taking place. Dkt. # 23, 2. Defendant cites Rule 56(d) to request that the Court defer or deny Plaintiff's Motion, issue a scheduling order under Rule 16, and give the parties time to conduct discovery. *Id.*

Here, Plaintiff's Motion is premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. As noted above, the Court partially granted Defendant's Motion to Dismiss on August 2, 2022. Dkt. # 16. Plaintiff then filed this Motion for Summary Judgment only six (6) days later on August 8, 2022, Dkt. # 18, prior to the Defendant's filing of the Answer to the Complaint on August 22, 2022, Dkt. # 21. This Court vacated its initial case scheduling order and later deferred entry of such order; first to accommodate Defendant's Motion to Dismiss, and again for Plaintiff's pending Motion at issue here. As a result, no discovery has taken place and Plaintiff's motion is not ripe for adjudication at this time. Further, it appears that Plaintiff failed to meet and confer with opposing counsel prior to filing this motion as required by this Court's[1] standing order. Dkt. # 4.

Additionally, as stated by the government, Plaintiff failed to clearly lay out the standard for summary judgment. Instead, Plaintiff's motion includes a recitation of facts with voluminous exhibits and citations to the administrative record but fails to meet its burden to correlate specific facts with specific admissible evidence. *See* Fed. R. Civ. P.

---

[1] Judge Jones's General Motion's Practice Guidelines can be found at:
https://www.wawd.uscourts.gov/sites/wawd/files/JonesGeneralMotionsPractice.pdf

ORDER – 4

56(c)(1). Also, Plaintiff's motion appears to go over the word and page limitations as required by Local Rule 7(e)(3)[2].

Although, the Court grants greater latitude to pro se litigants and will liberally construe Plaintiff's motion for summary judgment, *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (citing *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)), all parties appearing before this Court are required to follow federal and local rules and this Court's standing order.

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment. The Court further grants Plaintiff leave to re-file a summary judgment motion prior to any dispositive motion deadlines. All parties are reminded that they are required to adhere to the requirements of this Court's standing order and the word and page limitations contained in this District's Local Rules.

### IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment and grants Plaintiff leave to re-file a summary judgment motion prior to any dispositive motion deadlines. Defendant's Motion to Strike is **DENIED** as moot. The Court will reissue an initial case scheduling order pursuant to FRCP 16(b) shortly.

DATED this 21st day of February 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[2] Local Rules for the Western District of Washington can be found at: https://www.wawd.uscourts.gov/sites/wawd/files/020123%20WAWD%20Local%20Civil%20Rules%20CLEAN.pdf

ORDER – 5