HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAUNDRA HOWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant. | Case No. 22-cv-00022-RAJ<br><br>**ORDER** |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Substitute Party ("Motion"). Dkt. # 27. Defendant opposes the Motion. Dkt. # 28. Having reviewed the briefing, the relevant record, and applicable law, the Court **DENIES** the Motion.

## II.　BACKGROUND

Plaintiff is an African American woman who worked at the Social Security Administration ("SSA") from at least 2012 to 2016. Dkt. # 1 (Complaint), ¶ 11. She brings claims relating to alleged discrimination and retaliation she experienced while at the SSA.

Plaintiff alleges she experienced a hostile work environment where coworkers

ORDER – 1

engaged in derogatory and demeaning name-calling toward her based on her race and sex. *Id.* ¶¶ 15–52. In 2012, Plaintiff filed a formal Equal Employment Opportunity Commission ("EEOC") complaint regarding the alleged harassment. *Id*. ¶ 12. Separately, Plaintiff alleged she was inappropriately touched by a SSA Administrative Law Judge (ALJ) around July 2016, and thereafter was retaliated against when she expressed opposition. *Id*. ¶¶ 54-56.

In October 2021, the EEOC issued a decision and entered judgment in favor of the SSA, concluding Plaintiff was unable to establish that she was discriminated against or subjected to a hostile work environment because of her race, sex, or reprisal. Dkt. # 9-2 at 9. On January 6, 2022, Plaintiff filed her Complaint in this Court suing the Acting Secretary of the SSA for alleged violations of Title VII and 42 U.S.C. § 1983. Dkt. # 1. On August 2, 2022, this Court granted in part Defendant's Motion to Dismiss, holding that (1) Plaintiff's claims under § 1983 were preempted by Title VII and (2) this Court lacked jurisdiction over Plaintiff's sexual harassment claim under Title VII because Plaintiff failed to exhaust her administrative remedies, thus requiring dismissal. Dkt. # 16. On August 18, 2022, Plaintiff filed a Motion for Dismissal of Claims related to § 1983 and sexual harassment, Dkt. # 17, which this Court granted on August 25, 2022. Dkt. # 22. Plaintiff then filed a Motion for Partial Summary Judgment, Dkt. # 21, which was denied with leave to re-file prior to any dispositive motion deadlines. Dkt. # 24. The Court now turns to Plaintiff's Motion to Substitute Party.

### III. DISCUSSION

Plaintiff now seeks leave to substitute Bradley R. Marshall as a named party in this matter in place of Shaundra Howard. Dkt. # 27. Plaintiff states that Mr. Marshall served as her designated representative before the EEOC from 2012 to 2022. *Id.* at 1. However, Plaintiff has been unable to pay Mr. Marshall for the services he provided, and now seeks to "transfer title and ownership of [her] pending claim to Mr. Marshall" as payment. *Id.*, Ex. A (Declaration of Shaundra Howard ISO Motion). In support of her

ORDER – 2

request, Plaintiff attaches an "Assignment of a Claim for Damages" stating that Ms. Howard sells and transfers title and ownership of "any and all claims, demands, and cause or cause of action of any kind whatsoever which the undersigned has or may have against" Defendants Kilolo Kijakazi, the Social Security Administration, and John Does 1-10 to Mr. Marshall. *Id.*, Ex. B. Further, Plaintiff requests that this Court "determine that Marshall is the real party in interest in this litigation" and substitute him into the case as the party plaintiff. Dkt. # 27 at 2. Defendant opposes Plaintiff's request to substitute, arguing that Title VII employment discrimination actions are not assignable as a matter of law. Dkt. # 28 at 2. Defendant also argues that Plaintiff's motion is a back-door attempt to allow Marshall, who was disbarred in 2009, *see In re Disciplinary Proceeding Against Marshall*, 167 Wn.2d 51, 89-90, 217 P.3d 291 (2009), to effectively provide legal representation to Ms. Howard. Dkt. # 28 at 4. Finally, Defendant argues that Plaintiff's motion should be stricken because Plaintiff failed to meet and confer prior to filing the instant motion in violation of this Court's standing order. *Id.* at 4.

**A.) Rule 25(c)**

In support of her Motion, Plaintiff relies on Rule 25(c), which provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The Ninth Circuit, citing the Fifth Circuit, has noted that Rule 25 "is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *In re Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. 1981)). Importantly, "whether to apply Rule 25(c) is committed to the discretion of the Court." *Kowalski v. Mommy Gina Tuna Resources*, Nos. 05-00679 BMK, 06-00182 BMK, 2008 WL 976911, at *1 (D. Haw Apr. 10, 2008) (citing *Panther Pumps & Equipment Co. v. Hydrocraft, Inc.*, 566 F.2d 8, 23 (7th Cir. 1977)). The trial court is not required to substitute a party after an interest has

ORDER – 3

been transferred, but may make a "discretionary determination" that "the transferee's presence would facilitate the conduct of the litigation." *Bernal*, 207 F.3d at 598 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1958 (2d Ed. 1986)).

### B.) Assignability of Title VII Claims

Defendant argues that Plaintiff's Motion must be denied because Title VII claims are not assignable under both federal and Washington law. Dkt. # 28 at 2. In support of this argument, Defendant cites to *Evans v. Boyd Rest. Grp., LLC*, an Eleventh Circuit case that is one of the few to address the assignability of Title VII actions. 240 F. Appx 393 (11th Cir. 2007) (unpublished). In *Evans,* the court held that "a cause of action for discrimination in violation of Title VII is not assignable under either Georgia or federal law," but concluded that it need not decide which law applied to plaintiff's claim. *Id.* at 399; *see also In re Webb*, 214 B.R. 553, 556 (E.D. Va. 1997) (holding that "as with any personal tort action for which damages are limited to emotional pain, suffering, mental anguish, and the like, debtor's right of action under Title VII for a hostile work environment was not assignable."). In both *Evans* and *Webb*, federal courts held that Title VII claims are not assignable under Georgia, Virginia, or federal law.

The same appears to be true under Washington law. In her Reply, Plaintiff cites to *Cooper v. Runnels*, a Washington Supreme Court case which sets forth the test of assignability of an action: "Does the cause of action survive to the personal representative of the assignor? If it does, the cause of action is assignable." *Cooper v. Runnels*, 48 Wn.2d 108, 291 P.2d 657, 658 (1955). According to Plaintiff, because "[a]ll causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter," Plaintiff's discrimination suit is assignable. Dkt. # 30 at 1-2 (quoting RCW 4.20.046(1)). However, Plaintiff's reliance on this provision of Washington law is inapposite. RCW 4.20 concerns the survival of actions and recovery of economic and

ORDER – 4

noneconomic damages on behalf of a decedent's estate and beneficiaries of the decedent, such as a spouse, child, or registered domestic partner. RCW 4.20.046(2); RCW 4.20.20. Further, Plaintiff fails to note that in *Cooper*, the Washington Supreme Court considered the assignability of claims "[w]hen property is damaged by a tort-feasor, and either or both the property owner and the tort-feasor die[.]" *Cooper*, 48 Wn.2d at 291. Such is not the case here. Plaintiff has provided no basis to support her assertion that her claims are assignable under either federal or Washington law, and this Court declines to find otherwise. Further, this decision is a discretionary one under Rule 25. *Bernal*, 207 F.3d at 598 (substitution left to the court's sound discretion). There is no evidence before this Court that the substitution of Mr. Marshall would "facilitate the conduct of the litigation," *id.*, and the federal rule is "not designed to create new relationships among parties to a suit." *Maysonet-Robles v. Cabrero*, 323 F.3d 45, 49 (1st Cir. 2003); *see also* Fed. R. Civ. P. 25.

Additionally, this Court is unwilling to endorse a scenario in which a litigant who is unable to continue paying for the services of counsel instead transfers title and ownership of pending claims to counsel, and then seeks to have counsel substituted as a party via Rule 25. Neither Washington law nor the Washington Rules of Professional Conduct (RPCs) appear to countenance such a path to compensation for attorneys. Instead, Rule 1.8(i) states: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may: (1) acquire a lien as authorized by law to secure the lawyer's fee or expenses; and (2) contract with a client for a reasonable contingent fee in a civil case." RPC 1.8(i)(1)-(2); *see also* RCW 60.40.010 (concerning liens for attorneys' fees). Further, Washington attorneys are encouraged to provide legal services without fee or at substantially reduced fees to those unable to pay. RPC 6.1 (Pro Bono Publico Service). The Court is careful to note that Mr. Marshall previously served as Ms. Howard's designated representative before the EEOC and is not licensed to practice in Washington

ORDER – 5

state. By invoking the RPCs, the Court does not accuse Mr. Marshall of engagement in the unauthorized practice of law. Nevertheless, the Court declines to ratify arrangements in which litigants are pressured to relinquish their interests in pending claims as payment for past, present, or future legal services.

### C.) Failure to Meet and Confer

Plaintiff's failure to meet and confer is an independent reason for this Court to strike Plaintiff's Motion. Plaintiff failed to meet and confer prior to filing a motion for partial summary judgment and in its order denying Plaintiff's motion, this Court reminded the parties of the requirements of this Court's standing order.[1] Dkt. # 24 at 4, 5. Defendant indicates that Plaintiff again failed to engage in a meet and confer, Dkt. # 28 at 5, and Plaintiff does not contest this characterization in her reply. *See* Dkt. # 30. Although the Court declines to strike Plaintiff's motion at this time, in the future, any motions filed in the absence of compliance with this Court's standing order will be promptly stricken from the docket.

### IV.) CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Substitute Party. Dkt. # 27.

DATED this 2nd day of November, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

---

[1] This Court's standing order can be found at:
https://www.wawd.uscourts.gov/sites/wawd/files/General%20Motions%20Practice%20%28Civil%29.pdf

ORDER – 6